IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JO ANNA CANZONERI MCCORMICK, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:12-CV-65-L-BH |
| | ) |
| PRESIDENT BARACK OBAMA, et al., | ) |
| | ) Referred to U.S. Magistrate Judge |
| Defendant. | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for judicial screening. Before the Court is Plaintiff's *Application for Waiver of Court Fees and Costs*, filed January 9, 2010 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I.  BACKGROUND**

Plaintiff filed this case and an application to proceed *in forma pauperis* (IFP) on January 9, 2012. On January 12, 2012, the Court issued a *Notice of Deficiency and Order* advising her that her IFP application had not been filed on the proper form and did not provide enough information for a determination of whether she qualified to proceed IFP. (*See* doc. 5.) She was sent a copy of the proper IFP form and given 20 days to submit it. *Id.* She was also specifically warned that failure to timely comply with the order could result in dismissal of the case for failure to prosecute. *Id.* More than 20 days have passed, but Plaintiff has not filed anything else in this case.

**II.  IN FORMA PAUPERIS**

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the

filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff provided what appears to be a form application for waiver of court fees in state court. The form states that Plaintiff's pay varies from month to month, but it does not provide a range of monthly pay and reflects only one monthly expense of $20. Because Plaintiff apparently receives pay on a monthly basis and has not shown that she will suffer undue financial hardship after payment of the $350.00 filing fee, her application to proceed *in forma pauperis* should be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated January 12, 2012, Plaintiff was given 20 days to submit an amended application that provided enough information to determine whether she qualified for IFP status, and she was specifically warned that failure to do so could result in dismissal of this action. Because she failed to comply with the Court's order, her IFP application should be denied and her complaint should be dismissed.

### IV. RECOMMENDATION

Plaintiff's motion to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders.

**SIGNED** on this 6th day of February, 2012.

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE